UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

BRAULIO REYES PEGUERO,

Petitioner,

v.

JASON KINGHT, Field Office Director Of Enforcement and Removal Operations, Salt Lake City Field Office, Immigration and Customs Enforcement, KENNETH PORTER, Acting Director, of the Boise U.S. Immigration and Customs Enforcement Field Sub-Office; MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, TODD BLANCHE, U.S. Attorney General; MIKE HOLLINSHEAS, Sheriff of Elmore County,

Respondents.

Case No. 1:26-cv-00554-DCN

**MEMORANDUM DECISION AND ORDER**

## I. INTRODUCTION

Before the Court is Petitioner Peguero's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1) and Motion for Temporary Restraining Order ("TRO") (Dkt. 2).

The Court expedited briefing on the matters. Dkt. 5. The Government opposes Peguero's Petition. Dkt. 6. Upon review, and for the reasons set forth below, the Court DENIES Peguero's Petition and denies the TRO as MOOT.

## II. BACKGROUND

Peguero is a native and citizen of the Dominican Republic who has lived in the United States since his entry without admission in 2023. He resides in Lawrence, Massachusetts, with his U.S. Citizen wife. Peguero was recently visiting family in Idaho when he was arrested and charged with Driving Under the Influence. He was subsequently remanded into ICE custody.

Thereafter, Enforcement and Removal Operations Boise ("ERO") placed Peguero in removal proceedings by issuing and serving him with a Notice to Appear ("NTA"), a Form I-286 Notice of Custody Determination, and explaining his right to seek review by an immigration judge. Peguero refused to answer when asked if he wanted an immigration judge to review ICE's custody determination. Because he did not request review by immigration judge, Form I-286 will not be filed with the immigration court, which means a custody redetermination hearing before the immigration judge will not be scheduled unless Peguero requests one.

## III. DISCUSSION

The Court has addressed countless immigration-habeas petitions over the last year, all relating to the detention provisions at §§ 1226(a) and 1225(b)(2). Until recently, ICE treated every noncitizen who entered without inspection as subject to mandatory detention under § 1225(b)(2)(A)—regardless of when they were apprehended or how long they had lived in the United States. The Ninth Circuit has now definitively ruled that § 1226 applies to unadmitted aliens present in the interior of the country, while § 1225 applies to unadmitted aliens entering the United States at the border. *See Rodriguez Vazquez v.*

*Bostock*, 183 F.4th 1160, 1193 (9th Cir. 2026).

In this case, the Government claims it detained Peguero pursuant to § 1226 and that because he has not exhausted his administrative options, the Court need not reach Peguero's due process arguments. Under the circumstances, the Court agrees.

To determine whether a due process violation occurred, the Court begins with the regulatory framework governing an alien's initial detention and custody determination under § 1226(a). The Immigration and Nationality Act authorizes the Government to arrest and detain an alien who is subject to removal from the United States. §§ 1226(a), 1357(a)(2). The regulations governing an alien's detention following arrest provide different procedures depending on whether the arrest was made pursuant to a warrant.[1] A noncitizen detained without a warrant must receive an initial custody determination within 48 hours of arrest, absent an emergency or extraordinary circumstance. 8 C.F.R. § 287.3(d). The alien will be released if he "demonstrate[s] to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. § 236.1(d). If the alien is denied bond, or was arrested pursuant to a warrant, he can seek an individualized bond hearing before an immigration judge at any time before a final order of removal. *Id*.

Peguero is entitled to the process due under the statute. As a noncitizen detained under § 1226(a), this includes the statutory right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained

[1] It is unclear whether Peguero was arrested with or without a warrant. Because Peguero does not challenge the actual arrest, the Court does not address it here.

under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

Here, however, there has not been an opportunity for the application of agency expertise in reviewing ICE's custody determination. The record in this case establishes ICE made an initial custody determination and served Peguero with Form I-286 and a NTA. But then Peguero refused to have an immigration judge review ICE's determination and filed this habeas suit instead. Waiving exhaustion here would facilitate forum shopping and encourage detained noncitizens to deliberately bypass the established administrative scheme, which contemplates discretionary bond determinations by immigration judges, not federal district courts. Finally, a bond hearing before an immigration judge may provide petitioner with the same relief he seeks here and eliminate the need for habeas review.

In short, the Court finds it appropriate to remand this matter to ICE to allow the statutory process to proceed. Peguero should request a bond hearing. Depending on what happens at that hearing, he can appeal. However, because the administrative process has not concluded, the Court cannot find Peguero's due process rights have been violated.

If, after the administrative process concludes, Peguero feels his rights were violated, he retains the ability to file suit and seek review. But this case, based on these facts, has concluded.

## IV. ORDER

1. Peguero's Petition for Writ of Habeas Corpus (Dkt. 1) is DENIED.
2. This case is remanded to ICE for further proceedings.
3. Peguero's Motion for Temporary Restraining Order (Dkt. 2) is DENIED AS MOOT.

4. This case is CLOSED.

DATED: October 26, 2026

David C. Nye
U.S. District Court Judge